UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patricia A. Meyer et al.,

    Plaintiff,

v.

United Auto Workers,

    Defendant.

    _____/

Case No. 13-12405

Honorable Nancy G. Edmunds

### ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL OF AMENDED COMPLAINT [18]

Currently before the Court is Defendant United Auto Workers' motion to dismiss Plaintiffs' amended complaint with prejudice for lack of standing. Plaintiffs are Patricia A. Meyer and various unnamed "ACH Workers." Plaintiffs oppose the motion and argue that they have pleaded the requisite elements of standing. Because Patricia Meyer has not (1) pleaded the constitutional requirements of standing, (2) does not have standing, and (3) cannot raise claims on behalf of the ACH workers, the Court GRANTS Defendant's motion in part, and DISMISSES Plaintiffs' amended complaint without prejudice.

### I.   Facts

On May 31, 2013, Plaintiffs filed suit against Defendants, Ford Motor Company, Bob King, Jimmy Settles, Rory Gambles, Ford Motor Co 6, Devon Difa Services, Visteon, ACH Automotive Component Holding, Faurecia, Belcam Employment Agency, Saline MI Local #892, Sheldon Rd Local #845, Utica Local #400, Sterling Hgts Local #228, FAP Local #3000, LAP Local #862, Monroe Local #723, Rawsonville Local #898,

Sandusky Ohio Local #1216, Milan #600, and United Auto Workers. (Compl. at 1, 4.) Plaintiffs assert multiple claims, including Defendants' breach of contract, failure to provide a "closed shop" environment, failure to recognize employee seniority, and failure to represent employees. (*Id.* at 1, 2.) Plaintiffs filed their original complaint pro se. (Pls.' Mot. to Amend Compl. at 1.) On December 20, 2013, Defendants filed their answer and raised affirmative defenses, including failure of service, lack of jurisdiction, Plaintiff Patricia Meyer's lack of standing, and failure to state a claim upon which relief can be granted. (Defs.' Answer at 3, 4.) Plaintiffs then acquired an attorney. (Dkt. 7.) On January 6, 2014, Plaintiffs moved to amend their complaint. (Dkt. 9.) Defendants responded to Plaintiffs' motion by noting multiple deficiencies in Plaintiffs' motion to amend, including failures to obtain concurrence or include the substance of the proposed amendment. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Amend the Compl. ¶¶ 5-9.)

On February 19, 2014, Plaintiffs and Defendants stipulated to an agreement: Plaintiffs agreed to dismiss all named Defendants except for Defendant UAW, and Defendant consented to Plaintiffs' request to file an amended complaint. (Dkt. 14, Stip. ¶¶ 4, 6.) The parties also stipulated that Plaintiffs had sought concurrence with Defendant. (*Id.* ¶ 3.) Plaintiffs' proposed amendment identified three causes of action: (1) failure of duty of fair representation, (2) breach of contract, and (3) fraudulent misrepresentation. (Am. Compl. ¶¶ 118-155.) Plaintiffs' first cause of action, failure of duty of fair representation, is brought as a federal claim pursuant to 5 U.S.C. § 7114(a)(1). (*Id.* at ¶¶119-120.) The amended complaint only identifies one plaintiff by name, Patricia Meyer. (*Id.* at ¶ 2.) The amended complaint identifies Ms. Meyer as an

"advocate for auto workers." (*Id.*) The amended complaint also mentions a group of "ACH Workers" as Plaintiffs, but does not provide the names or a precise number of ACH workers. (*Id.* at 3.)

On March 14, 2014, Defendant UAW moved to dismiss Plaintiffs' amended complaint for lack of standing. (Mot. to Dismiss Pl.'s Am. Compl. at 1.) Defendant argues that Ms. Meyer is the only identified Plaintiff in the suit, and none of the claims in the amended complaint seek to remedy her rights. (Br. in Supp. of Def.'s Mot to Dismiss Pl.'s Am. Compl. at 2.) Defendant argues that Ms. Meyer, as the only litigant in this suit, has not established standing. (*Id.* at 4.) Defendant asserts that the amended complaint should be dismissed due to Ms. Meyer's failure to establish standing. (*Id.*)

Plaintiffs, in their response, put forth no argument that Ms. Meyer has standing to sue. Plaintiffs instead point to their amended complaint, which includes "et al." in the caption and mentions the ACH workers as additional Plaintiffs. (Am. Compl. ¶ 3.) Plaintiffs argue the amended complaint shows that the ACH workers are included as plaintiffs in the suit. (Mot. to Dismiss Def.'s Mot. to Dismiss the Am. Compl. at 8.) Plaintiffs assert that Defendant has ignored the ACH workers as a party, and that the ACH workers do in fact have standing to sue. (*Id.* at 13). Because of the ACH workers' status as additional plaintiffs, Plaintiffs request the Court deny Defendant's motion to dismiss. (*Id.*)

The ACH workers' status has evolved since the first complaint was filed. The caption of the original complaint mentions the ACH workers as "et al." (Compl. at 1.) The January 6, 2014 motion to amend briefly mentions the ACH workers as a group. (Mot. to Amend Compl. at 6.) The amended complaint identifies the ACH workers as

3

additional plaintiffs. (Am. Compl. ¶ 3, Feb. 19, 2014.)  The amended complaint identifies only one former ACH worker, "Denise." (*Id.* at ¶¶ 108-10, 113-14, 116-17.)  The amended complaint states there are "approximately 140" ACH workers. (*Id.*)  Plaintiffs finally provided the Court with a list of the ACH workers' identities on April 11, 2014. (Dkt. 20, Ex. 1.)  The list contains approximately 170 ACH workers. (*Id.*)

At the June 18, 2014 hearing, Plaintiffs' counsel argued that the list of ACH workers filed on April 11, 2014 sufficiently added the ACH workers as parties to the suit.  The Court found that the list of ACH workers was not sufficient to add the workers as parties to the suit.

Defendant maintains that Plaintiffs do not dispute Defendant's arguments that (1) Plaintiffs have not sufficiently pled standing on behalf of the only named Plaintiff, Ms. Meyer, and (2) Ms. Meyer lacks standing to pursue her claims under the law. (Reply Br. in Supp. of Def.'s Mot. to Dismiss at 2.)  Defendant argues that Plaintiffs' characterization of the ACH workers in the amended complaint shows that Plaintiffs are trying to maintain their claims as a class action, and that the amended complaint identifies the "ACH Workers" as the class. (*Id.*)  Defendant further claims that Plaintiffs fail to allege the requirements necessary to certify a class. (*Id.*)  Defendant argues that Ms. Meyer lacks standing to pursue the action for herself and on behalf of the ACH workers as a class. (*Id.* at 1, n.1, 4.)  Because of this lack of standing, Defendant moves to dismiss Plaintiffs' amended complaint with prejudice. (*Id.* at 4.)

## II. Legal standards

### A. Standing

A party who seeks to invoke federal jurisdiction over a case must prove she has standing. *FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Standing cannot be "inferred argumentatively from averments in the pleadings." *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284 (1883). Rather, standing "must appear affirmatively in the record." *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). If the party fails to make the necessary allegations, she does not have standing. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). The above principles are considered to be long-settled. *See FW/PBS*, 493 U.S. at 231 (holding the above propositions with approval.)

There are two types of standing: (1) constitutional (Article III) standing; and (2) prudential standing. *Bennett v. Spear*, 520 U.S. 154, 162 (1997). Here, only constitutional standing is at issue. If a plaintiff does not possess constitutional standing, she cannot litigate in the courts of the United States. *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475-76 (1982). Three elements make up the constitutional minimum of standing:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the Defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(internal quotations, alterations, and citations omitted.) For a party's injury to be "particularized," the injury must affect her in a very personal and individual way. *Id.* at 560 n.1. Having a special interest is not

enough to meet the standard. *See Sierra Club v. Morton*, 405 U.S. 727, 739 (1971) (explaining that the injury in fact element would be meaningless if a special interest counted as an injury in fact). The party seeking to prove injury in fact therefore must herself be among the injured. *Id.* at 734-35. To sufficiently prove injury in fact at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (internal quotations omitted).

Even when the plaintiff has met the requirements of constitutional standing, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll.*, 454 U.S. at 474 (quoting *Warth*, 422 U.S. at 499). A plaintiff must assert his own rights because injured parties are usually the best proponents of their own rights. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479 (2006) (citing *Singleton v. Wulff*, 428 U.S. 106, 114 (1976)). If "the holders of those rights do not wish to assert them, third parties are not normally entitled to step into their shoes. *Domino's Pizza*, 546 U.S. at 479 (external quotations, citations, and alterations omitted). There are few exceptions to the prohibition on litigating a third party's rights. *See U.S. Dept. of Labor v. Triplett*, 494 U.S. 715, 720 (1990) (third party standing exists when a restriction keeps the litigant and the third party from entering into a relationship to which the third party is legally entitled).

If a suit goes forth as a class action, the personal standing of the class representative is important. "[A]t the outset of litigation, class representatives without

personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tennessee Comm'r of Fin. and Admin.*, 288 F.3d 918, 928 (6th Cir. 2002)(citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-626 (1997).

### III.     Analysis

The Court is tasked with determining whether Plaintiffs' amended complaint has shown they have standing. The Court finds that Patricia Meyer does not have standing in this case. While the ACH workers might have standing, the Court finds that the amended complaint did not join them appropriately.

**A. Patricia Meyer does not have standing**

Defendant's core argument is that Ms. Meyer does not have standing. Ms. Meyer has referred to herself as an "advocate for auto workers." (Dkt. 14, Ex. 1, ¶ 2.) Ms. Meyer's status as an advocate does not give her standing to sue in this case.

Plaintiffs fail to allege that Ms. Meyer suffered an "injury in fact." To have an "injury in fact," Ms. Meyer's injury must be particularized, meaning the injury affects her in a very personal and individual way. *Lujan,* 504 U.S. at 560 n.1. A "special interest" is not sufficient to meet the "injury in fact" element. *Sierra Club v. Morton*, 405 U.S. at 739 (holding a mere interest in a problem is not enough to render an organization adversely affected or aggrieved). In *Sierra Club*, the Court reasoned that if a "special interest" was enough to entitle an interest group to commence litigation, "there would appear to be no objective basis upon which to disallow a suit by any other bona fide special

interest organization however small or short-lived." *Id.* The *Sierra Club* court held that the "injury in fact" test required the party to be among the injured. *Id.* at 734-35.

Ms. Meyer does not have standing to sue because she has not sufficiently pled the constitutional elements of standing. The amended complaint contains alleged actions by Defendant that injured the ACH workers, but the amended complaint does not allege that Ms. Meyer personally suffered any injuries. No claims in the amended complaint show that Ms. Meyer was placed among the injured. Ms. Meyer's status as an advocate for auto workers merely constitutes a special interest. As *Sierra Club* instructs, Ms. Meyer's special interest in auto workers is not enough to prove "injury in fact." Since Ms. Meyer has not alleged she suffered an "injury in fact," she has not met the first element of constitutional standing. As Ms. Meyer has not sufficiently pleaded the first element of standing, she has not fulfilled the constitutional standing requirements, and she does not personally have standing to sue the Defendant.

**B. Plaintiffs' amended complaint is deficient because Patricia Meyer does not have standing to represent the ACH workers**

Plaintiffs' amended complaint is deficient because Ms. Meyer is the sole named Plaintiff, and no other Plaintiffs have stepped forward in this suit. Ms. Meyer's name appears alone on the caption of the proposed amended complaint, her name appears before the names of the ACH workers, and the ACH workers are consistently referred to as a unit. (Dkt. 14, Ex. 1, p.1, ¶¶ 2, 3.) The information in the amended complaint leads the Court to infer that were this case to go forward with the ACH workers as a class, Ms. Meyer would be the class representative. As stated above, Ms. Meyer does not have standing to sue Defendant. "It is well settled that, at the outset of litigation, class

representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tennessee Comm'r of Fin. and Admin.*, 288 F.3d 918, 928 (6th Cir. 2002)(quoting *Warth*, 422 U.S. at 501).  Since Ms. Meyer does not have personal standing in this matter, and she is not allowed to predicate her standing on the standing of the ACH workers, she may not be the class representative for this suit. Federal Rule of Civil Procedure 23(a)(4) requires representative parties that will fairly and adequately protect the interests of the class. Fed R. Civ. P. 23(a)(4).  No adequate class representative for the ACH workers has been identified.  Because Plaintiffs have no adequate class representative, the Court cannot adjudicate this case.

### C. Plaintiffs' lack of standing is grounds for dismissal

Because Plaintiffs have not sufficiently proven they have constitutional standing, and because Plaintiffs have not shown authority for the ACH workers being considered named parties to a case because of "et al." in the case caption, neither Ms. Meyer nor the class of ACH workers can succeed on the failure of duty of fair representation, breach of contract, or fraudulent misrepresentation claims in their amended complaint. *See Valley Forge Christian Coll.*, 454 U.S. at 475-76 (holding that if a plaintiff does not have constitutional standing, they cannot litigate in United States courts).

### IV.     Conclusion

Ms. Meyer does not have standing to pursue her claims on her own behalf. Regardless of whether the ACH workers are considered additional Plaintiffs, Plaintiffs do not have standing to pursue this suit.  For these reasons and the reasons stated

above, the Court GRANTS Defendant's motion to dismiss Plaintiff's amended complaint without prejudice.

    So ordered.

                                                s/Nancy G. Edmunds

                                               Nancy G. Edmunds
                                               United States District Judge

Dated: June 24, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2014, by electronic and/or ordinary mail.

                                               s/Carol J. Bethel

                                               Case Manager